J-S78038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATHIS AVERY SR. | : | |
| | : | |
| Appellant | : | No. 1316 EDA 2018 |

Appeal from the PCRA Order May 2, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002446-2009

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JANUARY 07, 2019**

Appellant Mathis Avery Sr. appeals from the order of the Court of Common Pleas of Delaware County that dismissed his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On November 2, 2011, a jury convicted Appellant of attempted murder and related charges. On December 20, 2011, Appellant was sentenced to an aggregate term of 235 to 470 months' incarceration to be followed by five years' state probation. After Appellant filed a timely appeal, this Court affirmed the judgment of sentence on August 20, 2012. Appellant did not file a petition for allowance of appeal with our state Supreme Court.

On February 19, 2013 and September 18, 2013, Appellant filed *pro se* petitions in which he requested the modification of his sentence *nunc pro tunc*. The lower court did not address these petitions as the filings were not forwarded to the judge's chambers as required by Pa.R.Crim.P. 903(A).

---

* Former Justice specially assigned to the Superior Court.

On November 21, 2013, Appellant filed a timely petition seeking relief under the PCRA. The lower court appointed counsel, who subsequently submitted a petition to withdraw and a no-merit brief pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988). On February 18, 2015, the PCRA court granted counsel's petition to withdraw and filed notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. In response, Appellant filed a motion for reconsideration of his sentence on March 11, 2015. Thereafter, on April 14, 2015, the PCRA court filed an order dismissing Appellant's PCRA petition.

On October 1, 2015, this Court filed a memorandum decision, vacating the PCRA court's order and remanding for the appointment of counsel for Appellant. This Court found that the PCRA court should have treated Appellant's *pro se* filings on February 19, 2013 and September 18, 2013 as PCRA petitions. As a result, this Court remanded for the appointment of counsel on Appellant's behalf to review these petitions.

After remand, the PCRA court appointed Appellant counsel, who also sought to withdraw by filing a *Turner-Finley* no-merit brief. On April 3, 2018, the PCRA court filed notice of intent to dismiss these petitions pursuant to Rule 907 and granted counsel permission to withdraw.

Before the PCRA court could enter a final order on Appellant's petition, Appellant filed a notice of appeal on April 25, 2018, purporting to appeal from an order entered on April 13, 2018. While no order was entered on that date,

- 2 -

it appears Appellant intended to attempt to appeal from the April 3, 2018 order in which the PCRA court issued its Rule 907 notice and allowed counsel to withdraw. Thereafter, on May 2, 2018, the PCRA court entered a final order dismissing Appellant's PCRA petitions and all the *pro se* motions to modify Appellant's sentence.

As an initial matter, we recognize that Appellant filed a premature notice of appeal before the PCRA court entered its final order. Generally, an appeal may only be taken from a final order of court. ***See*** Pa.R.A.P. 341. However, this Court may address a premature appeal when the subsequent actions of the trial court fully ripen it. ***Commonwealth v. Cooper***, 611 Pa. 437, 27 A.3d 994, 1004 (2011); Pa.R.A.P. 905 ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.")). As a result, we may reach the merits of this appeal.[1]

Our standard of review is as follows:

> When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a de novo standard.

***Commonwealth v. Johnson***, 635 Pa. 665, 139 A.3d 1257, 1272 (2016) (quotation marks and quotations omitted).

---

[1] We note that all of Appellant's *pro se* petitions can be considered to be timely under the PCRA as they were filed within one year of the date Appellant's judgment of sentence became final. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

- 3 -

In attempting to reach the merits of Appellant's petition, we observe that Appellant's *pro se* brief contains substantial defects; the brief fails to comply with nearly every requirement in Pa.R.A.P. 2111(a)(1)-(12) as it does not contain any comprehensible factual background, procedural history, statement of the questions involved, citation to authority, legal argument or analysis. Pennsylvania Rule of Appellate Procedure 2101 allows this Court to quash or dismiss an appeal if the appellate brief contains substantial defects. Pa.R.A.P. 2101.

While we acknowledge that Appellant is proceeding *pro se* and we will construe his brief liberally, he is not entitled to special deference as a *pro se* litigant as this Court has held that "[a]ny layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." **Branch Banking & Tr. v. Gesiorski**, 904 A.2d 939, 942 (Pa.Super. 2006). Moreover,

> [w]hen briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. We will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

**In re R.D.**, 44 A.3d 657, 674 (Pa.Super. 2012) (citations omitted).

Upon review of Appellant's brief, we find no coherent legal discussion and cannot decipher the issues that Appellant is asking this Court to review. As a result, Appellant's failure to properly raise and develop an argument precludes any meaningful judicial review of this appeal. Thus, we must find all of Appellant's issues to be waived and dismiss this appeal.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/19